FILED
8/31/2021 3:06 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:21-cv-01133-XR   Document 1-3   Filed 11/16/21   Page 1 of 12

EXHIBIT
**A**

NO. _____ **2021CI18237**

| | | |
|---|---|---|
| **ANIKA ALFARO** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | Bexar County - 408th District Court |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **DON-LYN EXPRESS AND THOMAS** | § | |
| **SMITH** | § | |
| **Defendants.** | § | **OF BEXAR COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Anika Alfaro, hereinafter called Plaintiff, complaining of and about Don-Lyn Express and Thomas Smith, hereinafter called Defendants, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2.      Plaintiff, Anika Alfaro, is an Individual whose address is 13942 Chisom Creek, San Antonio, Texas 78249.

3.      The last three numbers of Anika Alfaro's driver's license number are 401.

4.      Defendant Don-Lyn Express, a Corporation based in Texas, is organized under the laws of the State of California, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Paul R. Calvillo, at 3504 Standard St., Bakersfield, CA 93308-5225, its registered office.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

5.      Defendant Thomas Smith, an Individual who is a resident of Oklahoma, may be served with process at the following address:   125 SW Street, Oklahoma City, OK 73109. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

a.      monetary relief over $1,000,000.

8.      This court has jurisdiction over the parties because Defendants are Texas residents.

9.      Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

10.      On August 3, 2021, Plaintiff was operating a 2015 Silver Toyota Camry sedan. Defendant Thomas Smith was operating a 2017 White Freightliner tractor trailer.  Both parties were traveling West bound at approximately the 2400 block of NW Loop 410 in San Antonio, Texas.  The parties were traveling parallel: Plaintiff was on a right lane and Defendant was on a left lane.  As the parties continued to travel, Defendant negligently decided to change lanes when unsafe into the Plaintiff's lane of travel.  As a result, Defendant ended up colliding into the Plaintiff's vehicle, causing property damages and bodily injuries.  The impact was received on the driver's side of Plaintiff's vehicle.

At the time of the collision, the Defendant was employed by Don-Lyn Express Inc.  The tractor trailer operated by the Defendant was owned by Don-Lyn Express Inc., and Defendant

Thomas Smith was employed as a driver.

## PLAINTIFF'S CLAIM OF

## NEGLIGENT ENTRUSTMENT AGAINST DON-LYN EXPRESS

11.     On August 3, 2021, Defendant Don-Lyn Express was the owner of the vehicle operated by Thomas Smith.

12.     Defendant Don-Lyn Express entrusted the vehicle to Thomas Smith, a reckless and incompetent driver.

13.     Defendant Don-Lyn Express knew, or through the exercise of reasonable care should have known, that Thomas Smith was a reckless and incompetent driver.

14.     As described herein, Thomas Smith was negligent on the occasion in question.

15.     Thomas Smith's negligence was the proximate cause of Plaintiff's damages.

## PLAINTIFF'S CLAIM OF

## NEGLIGENCE AGAINST THOMAS SMITH

16.     Defendant Thomas Smith had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

17.     Plaintiff's injuries were proximately caused by Defendant Thomas Smith's negligent, careless and reckless disregard of said duty.

18.     The negligent, careless and reckless disregard of duty of Defendant Thomas Smith consisted of, but is not limited to, the following acts and omissions:

> A.     In that Defendant Thomas Smith failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> B.     In that Defendant Thomas Smith failed to turn his motor vehicle to the left in an effort to avoid the collision complained of;

C.  In that Defendant Thomas Smith operated his vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway;

D.  In that Defendant Thomas Smith failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

E.  In that Defendant Thomas Smith failed to apply his brakes to his motor vehicle in a timely and prudent manner; and

F.  In that Defendant Thomas Smith changed lanes when it was unsafe to do so.

**DAMAGES FOR PLAINTIFF, ANIKA ALFARO**

19.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Anika Alfaro was caused to suffer bodily injuries and property damages, and to incur the following damages:

A.  Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, Anika Alfaro for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Loss of earnings in the past;

H.  Loss of earning capacity which will, in all probability, be incurred in the future;

I.  Mental anguish in the past; and

J.      Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Anika Alfaro, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

The Law Office of Gilberto Falcon, PLLC

By:  /s/Gilberto Falcon
     Gilberto Falcon
     Texas Bar No. 24066525
     Email:  gilberto@gilbertofalconlaw.com
     404 N Britton Ave
     RIO GRANDE CITY, TX 78582
     Tel. (956) 487-6363
     Fax. (956) 487-6336
     Attorney for Plaintiff
     Anika Alfaro


     The Law Office of David Royse Joe
     David Joe
     Attorney at Law
     375 South 10th Street
     Raymondville, Texas 78580
     Davidroysejoe@yahoo.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

FILED
10/19/2021 4:29 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez
Bexar County - 408th District Court



**Cause Number:** 2021CI18237

**District Court :** 408 th

# Mary Angie Garcia
# Bexar County District Clerk

## Request for Process

2 CITS CML

Style: Anika Alfaro _____ vs. Don-Lyn Express and Thomas Smith

**Request the following process: (Please check all that Apply)**

☒ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Temporary Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** Don-Lyn Express
**Registered Agent/By Serving:** Paul K. Calvillo
**Address** 3504 Standard St., Bakersfield, CA 93308-5225
**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Publication (Check One) ☐ Commercial Recorder ☐ Hart Beat ☐ Courthouse Door
☒ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Commissioner of Insurance

**2.**
**Name:** Thomas Smith
**Registered Agent/By Serving:** _____
**Address** 125 SW Street, Oklahoma City, OK 73109
**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Publication (Check One) ☐ Commercial Recorder ☐ Hart Beat ☐ Courthouse Door
☒ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Commissioner of Insurance

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Publication (Check One) ☐ Commercial Recorder ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Commissioner of Insurance

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Publication (Check One) ☐ Commercial Recorder ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Commissioner of Insurance

**Title of Document/Pleading to be Attached to Process:** Plaintiff's Original Petition

**Name of Attorney/Pro se:** Gilberto Falcon   **Bar Number:** 24066525
**Address:** 404 N. Britton Ave   **Phone Number:** (956) 487-6363
Rio Grande City, Texas 78582
       **Attorney for Plaintiff** ✓   **Defendant** _____ **Other** _____

****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mindy Cardoza on behalf of Gilberto Falcon
Bar No. 24066525
mindy@gilbertofalconlaw.com
Envelope ID: 58340958
Status as of 10/21/2021 9:42 AM CST

Associated Case Party: Anika Alfaro

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gilberto Falcon | | gilberto@gilbertofalconlaw.com | 10/19/2021 4:29:42 PM | SENT |

CAUSE NO. 2021CI18237

| | | |
|---|---|---|
| ANIKA ALFARO | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| DON-LYN EXPRESS AND | § | |
| THOMAS SMITH | § | BEXAR COUNTY, TEXAS |

### DEFENDANT, DON-LYN EXPRESS II, INC.'S ORIGINAL,
### RULE 193.7 NOTICE, AND JURY DEMAND

 DON-LYN EXPRESS II, INC. (*Incorrectly named as Don-Lyn Express*) ("Defendant"), a Defendant in the above-entitled and numbered cause, and files its *Original Answer, Rule 193.7 Notice, and Jury Demand,* to Plaintiff, ANIKA ALFARO, *Plaintiff's Original Petition* ("Plaintiff") and would respectfully show unto the Court as follows:

### GENERAL DENIAL

 1. Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant generally denies each and every allegation contained in Plaintiff's most recently filed petition, and respectfully demand that Plaintiff be required to prove her charges and allegations against Defendant by a strict preponderance of the evidence, as is required by the Constitution and laws of the State of Texas.

### DEFENSES

 2. By way of affirmative defense and/or inferential rebuttal, while continuing to deny liability as indicated above, Defendant contends that any recovery by Plaintiff of pre-judgment interest is limited by the dates and amounts set forth in Chapter 304 of the TEXAS FINANCE CODE.

 3. By way of further affirmative defense and/or inferential rebuttal, while continuing to deny liability as indicated above, Defendant asserts that any recovery of medical or healthcare expenses, if any, by Plaintiff be limited to those amounts that are (i) both reasonable and necessary, and (ii) actually paid or incurred by or on behalf of the Plaintiff as mandated by Section 41.0105

of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

  4. By way of further affirmative defense and/or inferential rebuttal, while continuing to deny liability as indicated above, Defendant contends that should Plaintiff seek to recover loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance, if any, that this Court require any evidence to prove such loss be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE Section 18.091. Moreover, Defendant requests the Court to instruct the jury that any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

  5. Defendant denies that it is liable to Plaintiff for any damages and asserts that, if any damages are awarded, TEXAS CIVIL PRACTICE & REMEDIES CODE Section 41.007 limits pre-judgment interest, if any.

  6. Defendant denies that it is liable to Plaintiff for any damages and that, if any damages are awarded, TEXAS FINANCE CODE Section 304.1045 disallows pre-judgment interest on future damages, if any.

  7. Defendant denies that it is liable to Plaintiff for any damages and asserts that, if any damages are awarded, TEXAS FINANCE CODE Sections 304.104 – 304.105 governs the calculation of prejudgment interest, if any, and Section 304.003(c) governs the calculation of post-judgment interest, if any.

  8. Defendant denies it is liable to Plaintiff for any damages and asserts that Defendant is entitled to all caps and limitations on damages pursuant to the TEXAS CIVIL PRACTICES & REMEDIES CODE.

9.    Defendant would further show that it is entitled to all caps and limitations on damages pursuant to TEX.BUS.& COM.CODE Section17.50.

10.    Defendant further asserts that if Plaintiff agreed or is required to pay a medical provider more than a reasonable amount for services, the difference between the amount paid and a reasonable amount is not the result of Defendant's conduct but, rather, due to the conduct of Plaintiff, Plaintiff's medical provider(s) and/or Plaintiff's authorized agents. *In re K & L Auto Crushers*, LLC, 19-1022, 2021 WL 2172535, at *6 (Tex. 2021), reh'g denied.

11.    By way of further affirmative defense and/or inferential rebuttal, while continuing to deny liability as indicated above, Defendant contends that the damages and injuries, if any, that Plaintiff is alleging are the result of a condition(s) and/or an injury(ies) existing before, and/or arising subsequent to the alleged occurrence in question and Plaintiff's damages, if any, are the result of a pre-existing and/or subsequent condition, injury, accident or occurrence, and were not proximately caused by the alleged occurrence in question.

## RULE 193.7 NOTICE

12.    Pursuant to Texas Rule of Civil Procedure 193.7, Defendant gives notice to Plaintiff that any and all documents and things produced by Plaintiff or any other party may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

## JURY TRIAL DEMAND

13.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby makes demand and application for jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant pray that upon final hearing hereof, Defendant have judgment that Plaintiff take nothing by way of this cause of action, and

that Defendant go hence without day for costs and that the Court order such other relief to which

Defendant may be justly entitled.

>                                        Respectfully submitted,
>
>                                        *Christiana "Chrissy" Dijkman*
>                                        Christiana Dijkman
>                                        SBN: 00783967
>                                        Law Office of John Martinez
>                                        1100 Northwest Loop 410, Suite 370
>                                        San Antonio, TX 78213
>                                        210-949-0166
>                                        956-238-0194: Direct
>                                        855-949-1338: Fax
>                                        dijkmc1@nationwide.com
>                                        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

On November 16, 2021, a true and correct copy of this document was served in accordance with Texas Rules of Civil Procedure to:

Gilberto Falcon
SBN 24066525
The Law Office of Gilberto Falcon, PLLC
404 N. Britton Avenue
Rio Grande City, Texas 78582
956.487.6363
956.487.6336
gilberto@gilbertofalconlaw.com
~And~
David Joe
The Law Office of David Royse Joe
375 South 10th Street
Raymondville, Texas 78580
davidroysejoe@yahoo.com
*Attorney for Plaintiff*

>                                        *Christiana "Chrissy" Dijkman*
>                                        Christiana "Chrissy" Dijkman