**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**



ANIKA ALFARO,
          *Plaintiff*

-vs-

DON-LYN EXPRESS, THOMAS SMITH,
          *Defendants*

§
§
§
§
§
§
§
§
§
§

SA-21-CV-01133-XR

## <u>ORDER</u>

On this date, the Court considered Plaintiff Anika Alfaro's motion for substituted service of Defendant Thomas Smith ("Smith") (ECF No. 17). After careful consideration, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

This case stems from a motor-vehicle collision. Plaintiff alleges that Defendant Thomas Smith, in the course and scope of his employment with Defendant Don-Lyn Express, negligently changed lanes, causing the collision.  ECF No. 1-3 at 1–2. Plaintiff originally filed this lawsuit in the 408th Judicial District of Bexar County, and Don-Lyn removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. Smith had not been served prior to removal, and he has not been served to date. *See* ECF No. 12. Because over 90 days had passed since removal, the Court issued an order requiring that Plaintiff show cause in writing why Smith should not be dismissed under Federal Rule of Civil Procedure 4(m). *Id.* Plaintiff then filed the instant motion to effectuate substituted service on Smith, ECF No. 17, and responded to the Court's show cause order seeking additional time to serve Smith, ECF No. 18.

1

## DISCUSSION

### I.    Substituted Service

Plaintiff seeks the Court's permission to effectuate substituted service on Smith, either by "leaving a copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age" at Smith's home address, or by "posting a copy of the citation, with a copy of the petition attached," at Smith's home address. ECF No. 17 at 1–2.

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Federal Rule of Civil Procedure 4(e)(1) provides that a plaintiff may effectuate service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" FED. R. CIV. P. 4(e)(1).

In Texas,

> [u]nless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

TEX. R. CIV. P. 106(a)(1)–(2). Texas law also authorizes service "in any other manner . . . that . . . will be reasonably effective to give the defendant notice of the suit." *Id.* at 106(b)(2). To do so, a plaintiff must file a:

> motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant

> can probably be found and stating specifically the facts showing that
> service has been attempted under (a)(1) or (a)(2) at the location
> named in the statement but has not been successful[.]

*Id.* 106(b).

In her motion, Plaintiff submits that service has been attempted five times, once by certified mail and four times in person. ECF No. 17 at 1. However, she has been unable to effectuate service. *Id.* Plaintiff "suspects" that Smith continues to work as an interstate truck driver, and Smith "would hardly be home due to his work schedule." ECF No. 18 at 3.

Though Plaintiff represents in her motion that service has been attempted in the manners prescribed by Federal Rule of Civil Procedure 4 and the Texas Rules of Civil Procedure, this is not sufficient to support a request for substituted service under Texas Rule of Civil Procedure 106(b). The Texas Supreme Court has explicitly held that "substitute service is not authorized under Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Plaintiff has failed to submit an affidavit detailing her attempts to serve Smith, let alone an affidavit that conforms with Rule 106(b)'s requirements. Consequently, the Court must deny Plaintiff's motion for substituted service.

## II.    Extension of Time

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is
> filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time. But
> if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). To show good cause, a party must demonstrate "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[.]" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Additionally, there usually must be "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified[.]'" *Id.* (quoting 10 WRIGHT & MILLER *Federal Practice and Procedure: Civil* § 1165 at 622). The Court may also exercise its discretion to allow an extension, even when no good cause is shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Plaintiff's response to the Court's show cause order and motion to substitute service detail her multiple attempts to effectuate service on Smith. *See* ECF Nos. 17, 18. The Court finds that these multiple attempts establish sufficient good cause for an extension of time.

## CONCLUSION

Accordingly, Plaintiff's motion to substitute service (ECF No. 17) is **DENIED** without prejudice to refiling. However, the Court will grant Plaintiff additional time to serve Smith. It is therefore **ORDERED** that Plaintiff must effectuate service on Smith, or request an extension of time in which to do so, no later than **May 5, 2022**.

It is so **ORDERED**.

**SIGNED** this 4th day of April, 2022.


XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4